UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-04513-MWF**                    Date:  **March 27, 2013**

Title:     In re Vincent Torres

---

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR APPELLANT:     ATTORNEYS PRESENT FOR APPELLEE:

None Present                         None Present

PROCEEDINGS (IN CHAMBERS):  ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER DENYING SANCTIONS

    This matter is before the Court on appeal from the United States Bankruptcy Court for the Central District of California filed by Appellant-Debtor Vincent Torres (the "Appeal"). (Docket No. 2). Specifically, Mr. Torres appeals the Order Denying Debtor's Motion for an Order Imposing Sanctions for Filing Proof of Claim (the "Motion for Sanctions" and "Order Denying Sanctions"). (Docket No. 9; Attachment #21; Exhibit A). The Court has appellate jurisdiction over this Appeal pursuant to 28 U.S.C. § 158(a)(1). The Court has read and considered the papers filed on this Appeal and held a hearing on March 18, 2013.

## BACKGROUND

    In the spring of 1999, Mr. Torres, a licensed contractor, was hired and began certain infrastructure improvements on the tribal lands of the Appellee Santa Ynez Band of Chumash Indians (the "Tribe"). (R. at 0815). By the end of 1999, with the Tribe undergoing a change in leadership, Mr. Torres's services were no longer desired and his employment was terminated. (R. at 0817).

    Following his termination, Mr. Torres demanded the remaining payments from the Tribe for work already completed. (R. at 0818-19). The Tribe denied Mr. Torres's demands based on its belief that Mr. Torres was not owed any further

---

UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 12-04513-MWF**             Date: **March 27, 2013**

Title:     In re Vincent Torres

---

payments. (*Id.*) In fact, the Tribe argued that Mr. Torres owed it money based on the Tribe's belief that Mr. Torres's work product had been negligently completed and that Mr. Torres had fraudulently overcharged the Tribe. (R. at 0004-13). After months of quarreling between Mr. Torres and the Tribe, in November 2000, the Tribe filed a civil lawsuit against Mr. Torres in Santa Barbara County Superior Court alleging breach of contract, common counts, fraud and negligence. (*Id.*) Mr. Torres counter-claimed in January 2001 for the remaining payments he believed were owed to him for the worked completed in 1999. (R. at 1080).

     In the summer of 2000, the Tribe's leadership council voted to physically ban Mr. Torres from entering the Tribe's reservation. (R. at 1108). In early 2001, the Tribe filed a federal lawsuit in this District Court to have Mr. Torres permanently banned from the Tribe's reservation. (R. at 1098). The District Court (the Honorable Stephen V. Wilson) denied the Tribe's motion for summary judgment, and the Tribe dismissed its complaint shortly thereafter. (R. at 1123, 1564).

     In the fall of 2002, Mr. Torres filed a petition under Chapter 11 of the United States Bankruptcy Code, which stayed the Tribe's then-pending lawsuit in Superior Court. (R. at 0051). Shortly thereafter, the Tribe filed a Proof of Claim ("Claim") with the Bankruptcy Court against Mr. Torres for $3,000,000, based on its Superior Court action. (R. at 0001).

     In October 2004, the Bankruptcy Court lifted the automatic stay on the Superior Court action, thus allowing the Tribe's original lawsuit and Mr. Torres's counter-suit to continue. (R. at 0299-302). The Bankruptcy Court deferred to the Superior Court regarding the determination of the merits and amount of the Tribe's $3,000,000 Claim. (R. at 1564-65).

     Following an eight-week trial, in April 2005, the Superior Court (the Honorable Zel Canter) ruled against the Tribe on its complaint, finding that the Tribe put forth no evidence to support any of the causes of action, and awarded Mr. Torres $309,950 in damages on his cross-complaint. (R. at 1240). In January 2008 the judgment of the Superior Court was affirmed on appeal. (R. at 1256).

---

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-04513-MWF**                                          Date:  **March 27, 2013**

Title:      In re Vincent Torres

---

Although the Superior Court's decision and subsequent affirmance on appeal rendered meritless the Tribe's $3,000,000 Claim, not until January 2011 was the Claim officially disallowed in the Bankruptcy Court. (R. at 1265). Following the official disallowance of the Tribe's Claim, Mr. Torres filed the Motion for Sanctions, arguing that the Tribe had filed and pursued an allegedly fraudulent and false Claim (*i.e.,* the Superior Court lawsuit) in bad faith. (R. at 0794).

The Bankruptcy Court (the Honorable Robin Riblet) found no evidence of any sanctionable conduct by the Tribe and denied Mr. Torres's Motion for Sanctions against the Tribe – *i.e.*, the Order Denying Sanctions. (R. at 1590).

Mr. Torres then timely appealed the Order Denying Sanctions to this Court. (R. at 1592; Docket No. 2). This Court has jurisdiction over this Appeal. 28 U.S.C. 158(a).

## STANDARD OF REVIEW

A bankruptcy court's imposition or denial of sanctions pursuant to its inherent power to sanction is reviewed for an abuse of discretion. *In re Lehthinen,* 564 F.3d 1052, 1058 (9th Cir. 2009). The imposition or denial of sanctions constitutes an abuse of discretion when based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Mark Indus., Ltd. v. Sea Captain's Choice*, 50 F.3d 730, 732 (9th Cir. 1995) (citation and internal quotation marks omitted).

Findings of fact are reviewed under the clearly erroneous standard. *Gonzalez-Caballero v. Mena*, 251 F.3d 789, 792 (9th Cir. 2001). An appellate court must accept the lower court's findings of fact "unless the appellate court is left with the definite and firm conviction that a mistake has been committed." *Id.*

## DISCUSSION

Mr. Torres sought sanctions against the Tribe pursuant to the Bankruptcy Court's inherent sanctioning power. The Bankruptcy Court denied Mr. Torres's Motion for Sanctions. Mr. Torres contends that the Order Denying Sanctions

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-04513-MWF**                               Date:  **March 27, 2013**

Title:      In re Vincent Torres

should be reversed and compensatory sanctions imposed on the Tribe because the Bankruptcy Court's decision was based on a clearly erroneous assessment of the evidence. The Court disagrees.

### The Bankruptcy Court's Sanctioning Power

Federal courts have three primary sources of power to sanction parties or counsel for improper conduct. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The first and second sources of sanctioning power are derived statutorily from Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. *Id.* The third source of power, and the source at issue on this Appeal, is a court's inherent power to sanction. *Id.*

A bankruptcy court has inherent authority to impose sanctions for bad faith behavior. *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 283-84 (9th Cir. 1996). This inherent authority is not governed by statute, but "'by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* at 283 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). Whether a court uses its inherent authority to impose sanctions is a determination left to the "sound discretion" of the presiding judge. *Fink*, 239 F.3d at 994.

### A Finding Of Bad Faith Or Conduct Tantamount To Bad Faith Is Required For A Court To Impose Sanctions Under Its Inherent Power

For a bankruptcy court to impose sanctions under its inherent power, there must have been bad faith conduct or conduct tantamount to bad faith. *Id.* at 993 ("bad faith is required for inherent power sanctions"); *see also In re Keegan Mgmt. Co.*, 78 F.3d 431, 436-37 (9th Cir. 1995) ("While recklessness may be the standard under § 1927, it is an insufficient basis for sanctions under a court's inherent power." (citation omitted)).

Moreover, before imposing sanctions under its inherent authority, a court must make an *explicit* finding that a party's conduct "constituted or was

UNITED STATES DISTRICT COURT   JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-04513-MWF**                                      Date:  **March 27, 2013**

Title:         In re Vincent Torres

---

tantamount to bad faith." *Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (citation and internal quotation marks omitted).  "Such a finding is especially critical when the court uses its inherent powers to engage in fee-shifting." *Id.*

In *Primus*, the district court imposed sanctions on the defense counsel after finding that certain arguments made by counsel were "totally frivolous" and described certain actions by counsel as "outrageous" and "inexcusable." *Id.* at 649. However, on appeal, the Ninth Circuit reversed the sanctions order because the district court's findings did not *explicitly* say that bad faith conduct or conduct tantamount to bad faith had occurred. *Id.* ("[E]ven though we assume the appropriate authority for sanctions, we remand to the district court to develop more detailed findings on whether [the attorney] acted in bad faith.").

The bad faith requirement sets a "high threshold" for justifying the imposition of sanctions. *Id.*  Mere recklessness alone does not constitute bad faith conduct and, under a court's inherent power, does not justify the imposition of sanctions.  *Fink*, 239 F.3d at 993-94.  "[S]anctions should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'"  *Primus*, 115 F.3d at 649 (citation omitted).

**The Bankruptcy Court Did Not Abuse Its Discretion In Denying Mr. Torres's Motion For Sanctions**

A court has "'broad fact-finding powers' with respect to sanctions, and its findings warrant 'great deference.'"  *Id.* at 649 (citation omitted).  In the present case, the Bankruptcy Court found absolutely no evidence of bad faith conduct by the Tribe during the bankruptcy proceedings.  (R. at 1566).  As the Bankruptcy Court stated:

> What the heck have they [the Tribe] done in my Court that's so offensive?  They've done nothing in my Court that's offensive. . . . They haven't offended me one iota.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-04513-MWF**                                      Date:  **March 27, 2013**

Title:      In re Vincent Torres

---

(*Id.*)

As a threshold matter, at the hearing, counsel for Mr. Torres argued that the Bankruptcy Court did not make a finding of *no* bad faith. This argument reverses the relevant rule and is unavailing. As discussed above, to impose sanctions under its inherent power, a court must make a finding of bad faith. There is no mirror requirement that, to deny a motion for sanctions, a court must find a lack of bad faith.

Despite the Bankruptcy Court's overall findings, Mr. Torres contends that the totality of the circumstances evidences bad faith on the part of the Tribe and, therefore, that the Bankruptcy Court erred by denying his Motion for Sanctions. This contention relies primarily on two arguments:

*First*, Mr. Torres paints this thirteen-year litigation battle as part of a vengeful attempt by the Tribe to destroy Mr. Torres's personal and professional reputation. Mr. Torres equates this allegedly vengeful and vexatious behavior throughout the litigation with bad faith conduct.

*Second*, because the merits of the Claim were ultimately adjudicated in Superior Court in favor of Mr. Torres and found to be without any evidentiary support, Mr. Torres implies that the Claim must have been pursued in bad faith. The totality of these two points, Mr. Torres contends, can lead to no other conclusion than that the Tribe filed and pursued its Claim in bad faith. The Court will take each point in turn.

### The Record Does Not Support a Finding of Bad Faith Conduct

Mr. Torres's contention that sanctions are appropriate in this case relies, in large part, on the allegedly vengeful and vexatious behavior of the Tribe during the parties' thirteen-year litigation battle. Specifically, Mr. Torres points to the Tribe's Superior Court contract lawsuit in which, at trial, the Tribe adduced no evidence to support its claims, as well as the Tribe's alleged "stonewalling" during the course of the Superior Court litigation. Mr. Torres also points to the banishment lawsuit

---

UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-04513-MWF**                      Date:  **March 27, 2013**

Title:      In re Vincent Torres

---

that the Tribe filed in District Court, which was litigated only partially before the Tribe withdrew its claim.

Preliminarily, Mr. Torres is correct that, because of the broad nature of a federal court's power to impose sanctions, a court can sanction a party for conduct that takes place in another courtroom in a related litigation – as long as the party receives a proper hearing. *See, e.g.*, *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 873 (9th Cir. 1992) (rejecting argument that the district court impermissibly imposed sanctions for conduct that did not occur in the district court, specifically the filing of two lawsuits in Guam Superior Court).

Here, when determining whether to impose sanctions, the Bankruptcy Court seemed to reject Mr. Torres's argument that the Bankruptcy Court could impose sanctions based on the Tribe's conduct in the Superior Court and District Court during this protracted litigation battle. (R. at 1564-67). Assuming that the Bankruptcy Court did not believe it had the authority to sanction such conduct, as a legal matter, this was incorrect.

Nevertheless, as a *factual* matter, the Bankruptcy Court relied on the Superior Court's statement of decision, in which the Superior Court found that the Tribe's motive in pursuing the Claim was proper and fell well short of bad faith. Specifically, the Superior Court stated:

> The court does not find his [Tribe chairman Vince Armenta] credibility impeached. The new tribal chairman may have suspected Defendant [Mr. Torres] of taking advantage of the Tribe. His motive-behind-the-motive was to protect his people.

(R. at 0614).

Therefore, it is irrelevant that the Bankruptcy Court arguably reasoned that it did not have the authority to impose sanctions for the Tribe's conduct in Superior Court and District Court. Regardless, the Bankruptcy Court declined to exercise

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-04513-MWF**                                                Date:  **March 27, 2013**

Title:        In re Vincent Torres

---

its inherent sanctioning power because the Bankruptcy Court concluded that the factual record did not support a finding of bad faith. This Court agrees.

Accordingly, the Bankruptcy Court properly denied Mr. Torres's Motion for Sanctions.

### The Tribe's Ultimately Meritless Claim Does Not Necessarily Give Rise To A Presumption of Bad Faith Conduct

Simply because a claim is ultimately deemed meritless or without evidentiary support does not necessarily indicate that such a claim was brought in bad faith. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 638 (9th Cir. 1987) (noting that a meritless appeal does not in itself establish bad faith). While a claim that is ultimately deemed meritless may be some evidence of bad faith conduct, more is required. *See Fink*, 239 F.3d at 993-94 ("Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose.").

The Bankruptcy Court properly expressed concern with imposing sanctions simply because the claim was ultimately deemed meritless. As the Bankruptcy Court stated:

> You [counsel for Mr. Torres] know, you'd have me go down a slippery slope here. If every plaintiff who essentially was nonsuited, lack of evidence, and did not prevail at trial, would be open for sanctions . . . . just because they didn't prove their case . . . .

(R. at 1564). In the end, and as discussed above, the Bankruptcy Court found that despite the Claim's lack of merit or evidentiary support, the Tribe's conduct did not amount to bad faith.

At the hearing, Mr. Torres's counsel urged this Court to look at the "totality of the circumstances." Specifically, counsel argued that the record demonstrated bad faith based on not only the meritless Claim, but also Mr. Armenta's alleged

---

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No. **CV 12-04513-MWF** Date: **March 27, 2013**

Title: In re Vincent Torres

---

"animus" toward Mr. Torres and the Tribe's alleged "pattern of conduct" over the course of the litigation.

But, as discussed above, this Court agrees with the Bankruptcy Court's conclusion that the factual record does not support a finding of bad faith.

## CONCLUSION

Mr. Torres lacks sufficient evidence to persuade this Court that the Bankruptcy Court abused its discretion or that the Bankruptcy Court's factual findings were clearly erroneous. The Bankruptcy Court did not err in denying Mr. Torres's Motion for Sanctions.

Accordingly, the Bankruptcy Court's Order Denying Sanctions is AFFIRMED.

IT IS SO ORDERED.